IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, | § § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 3:21-CV-81-G |
| CANNOISE HARPER, L.J. HARPER, JAMES HARPER, LEEVON HARPER, CELETHA HARPER, SHERMAINE BARRY, ETOSHIA WILLIAMS, CARLESTER HARPER, JACQUELYN STRICKLAND, and ERICKA JOHNSON, | § § § § § § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *Plaintiff's Motion for Substituted Service*, filed May 28, 2021 (doc. 17). Based on the relevant filings and applicable law, the motion is **GRANTED**.

**I. BACKGROUND**

On January 13, 2021, the plaintiff, a national banking association, filed suit against several heirs of an obligor under a home equity loan agreement who died intestate. (*See* doc. 1.) It contends that defendant Jacquelyn Strickland, an attorney, is evading service, and it proffers an affidavit from a process server detailing his multiple unsuccessful efforts over the course of three months to serve her at her home and office. (*See* docs. 17, 17-1.) It now seeks an order for substituted service by leaving the summons, a copy of the complaint, and a copy of the order for substituted service with anyone 16 years or older, or by attaching the summons, complaint, and

---

[1] By *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

order to the front door, at the defendant's confirmed place of business, which is located at 75 5th Street, Suite 1100, Atlanta, Georgia 30308. (*See id.*)

## II. SUBSTITUTED SERVICE

Plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). When the defendant is an individual, Fed. R. Civ. P. 4(e) allows service to be effected by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4(e) also allows for service on an individual according to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Texas law provides for service by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition. Tex. R. Civ. P. 106(a). Upon motion supported by affidavit, the court may authorize service (1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit, *or* (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence. *See* Tex. R. Civ. P. 106(b) (emphasis added). The supporting affidavit must state "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found", and the specific facts showing that traditional service has been attempted but unsuccessful. *See* Tex. R. Civ. P. 106(b). A defendant who is absent from, or a nonresident of, the State of Texas, may

2

be served in the same manner as a resident defendant. *See* Tex. R. Civ. P. 108.

Federal district courts in Texas have considered federal Rule 4(e) and Texas Rule 106(b) together in allowing substituted service by leaving a copy of the summons and complaint with a person over the age of sixteen at the location identified in the affidavit, recognizing that this method of service is reasonably likely to give a defendant actual notice of the suit as required by Texas Rule 106. *See Joe Hand Promotions, Inc. v. Citadel Sports Bar & Grill LLC,* No. W-18-CV-00285-ADA, 2018 WL 11265409, at *2 (W.D. Tex. Nov. 16, 2018); *Heras v. Rapid Tax, Inc.*, No. 5:13-CV-498-DAE, 2014 WL 2481629, at *3 (W.D. Tex. June 3, 2014); *St. Paul Fire and Marine Ins. Co. v. Black Star Energy Serv., LLC,* No. MO:15-CV-00180-DAE-DC, 2016 WL 11582659, at *3 (W.D. Tex. Sep. 10, 2016); *Washington Intern'l Ins. Co. v. Southern Mechanical Plumbing, Inc.*, No. 3:14-CV-4028-D, 2015 WL 362772, at *2 (N.D. Tex. Jan. 27, 2015). In *Washington*, the court authorized substituted service by leaving a copy of the summons, complaint and order for substituted service with a person over the age of sixteen at the individual defendant's confirmed usual place of business, finding that he appeared to have actual knowledge of the attempt to serve him with process, and that this method of service would be "reasonably effective" in giving him notice of the lawsuit. 2015 WL 362772, at *2; *see also BHTT Entertainment, Inc. v. Brickhouse Café & Lounge, L.L.C.*, 858 F.3d 310, 315 (5th Cir. 2017) (noting that the district court had authorized substituted service by leaving the summons and complaint with anyone over the age of sixteen at the defendant business during regular business hours).

Here, the plaintiff has provided an affidavit by its private process server attesting to his repeated unsuccessful attempts to personally deliver the summons and complaint to the

defendant at what was reported to be her home but is actually a residence that she owns and rents out, and at her confirmed place of employment at 75 5th Street, Suite 1100, Atlanta, Georgia 30308. (*See* doc. 17.) The affidavit also describes multiple visits by him on different dates over two months to the defendant's place of business, where a receptionist confirmed the defendant's employment there but told him each time that she was not in. (*Id.*)

Based on the affidavit and attached evidence, an alternative method of service is appropriate under Tex. R. Civ. P. 106(b). Leaving a copy of the summons, the complaint, and order with anyone 16 years of age or older at the defendant's confirmed place of business would be reasonably effective to give her notice of suit, given that the prior multiple efforts to effect service have been unsuccessful.

### III. CONCLUSION

The plaintiff's motion for substituted service is **GRANTED**, and service of summons may be made on Jackquelyn Strickland at 75 5th Street, Suite 1100, Atlanta, Georgia 30308, by leaving a copy of the summons, the complaint, and order with anyone 16 years of age or older. The plaintiff must serve the defendant within 30 days of the date of this order.

**SO ORDERED** on this 28th day of May, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE