UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST<br>    Plaintiff,<br><br>v.<br><br>CANNOISE HARPER, L.J. HARPER, JAMES HARPER, LEEVON HARPER, CELETHA HARPER, THERESA DEROSIN, SHERMAINE BARRY, ETOSHIA WILLIAMS, CARLESTER HARPER, JACKQUELYN STRICKLAND, and ERICKA JOHNSON,<br>    Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:21-cv-81 |

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES
AND COSTS AND BRIEF IN SUPPORT**

COMES NOW, Plaintiff U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, its successors and assigns, ("U.S. Bank" or "Plaintiff") and pursuant to Federal Rule of Civil Procedure 54(d) as well as applicable law files its Motion for Award of Attorney's Fees and Costs and Brief in Support ("Motion"), and respectfully shows the Court as follows:

### I.   Introduction

On January 13, 2021, Plaintiff filed its Complaint naming as defendants several heirs of the deceased borrower who have a potential interest in the property at issue in this case. [Doc. 1]. Plaintiff's Disclosure Statement and Certificate of Interested Parties was filed that same day. [Doc. 2]. On January 14, 2021, Plaintiff nonsuited defendant Theresa Derosin. [Doc. 5]. On January 14, 2021, Plaintiff filed its First Amended

Complaint naming the following heirs as defendants: Cannoise Harper, L.J. Harper, James Harper, Leevon Harper, Celetha Harper, Shermaine Barry, Etoshia Williams, Carlester Harper, Jackquelyn Strickland, Ericka Johnson, Melvin Derosin and Hishora Latrice Harper. [Doc. 6].

On June 3, 2021, Plaintiff filed its Motion for Default Judgment Against Cannoise Harper, L.J. Harper, James Harper, Leevon Harper, Celetha Harper, Shermaine Barry, Etoshia Williams, Carlester Harper, Ericka Johnson, Melvin Derosin and Hishora Latrice Harper ("Defaulting Defendants") [Doc. 20]. On June 4, 2021, the Clerk's Entry of Default as to Defaulting Defendants was entered. [Doc. 22]. On June 15, 2021, this Court entered a Default Judgment whereby the Court ordered Plaintiff to file a motion for attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i). [Doc. 23].

As a result of the breach of Decedent's obligation under the Loan Agreement, U.S. Bank was forced to retain the undersigned legal counsel to institute and prosecute this action. Under the terms of the Note and Deed of Trust, Decedent agreed to pay all reasonable attorneys' fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust. Accordingly, Plaintiff is entitled to an award of its attorney's fees and costs. Further, Plaintiff is entitled to an award of attorney's fees and costs as the prevailing party against the Defaulting Defendants.

## II.   Statement of Issues and Background Facts

On or about July 22, 2005, Decedent executed a Promissory Note ("Note") in the principal sum of $65,600.00, with interest at the rate of 6.450 percent per annum. U.S. Bank is the holder of the Note. A true and correct copy of the Note is attached as **Exhibit**

**A-1** (redacted for loan numbers) and incorporated by reference for all purposes. Rushmore Loan Management Services, LLC is the mortgage servicer for U.S. Bank.

Decedent executed a Homestead Lien Contract and Deed of Trust ("Deed of Trust") (collectively the "Loan Agreement") encumbering the Property as security for payment of the Note. A true and correct copy of the Deed of Trust is attached as **Exhibit A-2** (redacted for loan numbers) and incorporated by reference for all purposes.

Plaintiff is the current holder of the wet ink Note, which contains an endorsement in blank.

Decedent died on or about December 12, 2015. A probate proceeding was opened for Decedent under Cause Number PR-16-01315-2 in the Probate Court No. 2 of Dallas County, Texas. Despite the probate being filed in 2016, no executor has yet to be appointed, and the probate remains pending.

According to the Mortgagee's records, Decedent materially breached and failed to cure the respective Loan Agreement obligations by failing to make scheduled monthly payments. The Loan Agreement is currently due and owing for the September 10, 2010 payment and all subsequent payments. The amount required to pay off the lien through November 30, 2020 was at least $126,458.18. The required notice of default was mailed to Decedent under the Loan Agreement as required by law and the Deed of Trust. Decedent and Decedent's Estate failed to cure the default. A true and correct copy of that Notice of Default is attached hereto as **Exhibit A-3**. Neither Decedent nor her heirs cured the default. Accordingly, the debt was accelerated by the filing of this lawsuit.

The lawsuit specifically alleges breach of contract and requests an order allowing foreclosure. [Doc. 1] While the Loan Agreement is non-recourse and the Defaulting

Defendants are not personally liable, Plaintiff seeks attorney's fees under the terms of the contract. Specifically, the Note and Deed of Trust require the Decedent (or her estate) to pay Plaintiff attorney's fees and costs Plaintiff incurs: (1) to enforce the Note and Deed of Trust, (2) based on Decedent's failure to keep covenants and agreements in the Deed of Trust, and (3) to protect Plaintiff's interest in the Property jeopardized by a lawsuit filed. Plaintiff hereby seeks to recover its attorney's fees and costs that Decedent agreed to pay pursuant to the Note and Deed of Trust.

### III.    Argument and Authorities

Rule 54(d) of the Federal Rules of Civil Procedure governs costs and attorneys' fees. Under the American Rule, prevailing parties generally cannot recover attorneys' fees without a statutory or contractual basis. *HSBC Bank USA, N.A. for Merill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-WMCI v. Crum,* No. 3:14-CV-3522; 2017 WL 2362017 *2 (N.D. Tex. May 31, 2017) (citing *Summit Valley Indus., Inc. v. United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982)). Rule 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to the award. Here, Plaintiff moves for attorney's fees according to the subject Note and Deed of Trust.

Further, "Home equity notes are non-recourse as a matter of law, but that rule does not bar recovery of attorneys' fees and other expenses, as provided for in [the] security instrument, as part of the balance owed under the note." These fees may be recovered against the property upon any foreclosure sale." *Id.* (citing *Huston v. U.S. Bank Nat. Ass'n,* 988 F.Supp.2d 732, 741 (S.D. Tex. 2013)); see also Tex. Const. Art. XVI § 50(a)(6)(C). Under the terms of the Note and Deed of Trust, Decedent agreed to pay all

reasonable attorneys' fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust, to include any appeal to a Court of Appeals or an appeal to the Texas or U.S. Supreme Court. Accordingly, Plaintiff is entitled to recover its reasonable attorney's fees for the services rendered in instituting and prosecuting this action.

Plaintiff is represented by Crystal G. Gibson of the law firm of Barrett Daffin Frappier Turner and Engel, LLP ("BDFTE"). *See* **Exhibit B** – Declaration of Crystal G. Gibson. The rates charged by Ms. Gibson are reasonable and therefore properly recoverable for the legal work necessitated by the filing of Plaintiff's lawsuit. As of June 25, 2021, Plaintiff has incurred $3,010.00 in reasonable and necessary attorney's fees from BDFTE, as well as $2,540.09 in necessary costs and expenses related to the prosecution of this matter.

The rates and fees charged by BDFTE are also reasonable and consistent with the rates charged by comparable firms in Texas. Ms. Gibson is a Senior Litigation Attorney working on this matter, and her rate for work performed for Plaintiff on this case is $215.00 per hour. *Id.* All of the rates charged to Plaintiff are "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Wilmington Trust, National Association as Trustee for MFRA Trust 2015-2 v. Martinez,* 2021 WL 2324174, at *2 (N.D. Tex. Apr. 14, 2021) (quoting *Norman v. Hous. Auth. Of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson,* 465 U.S. 886, 895-96 n.11 (1984)). Additionally, the rates charged by BDFTE in this matter are consistent with the rates charged by BDFTE in similar matters in which BDFTE represents Plaintiff. *Id.*

The services provided by BDFTE in this matter include, among other things, review of the probate case and heir search as well as the foreclosure file for purposes of drafting Plaintiff's Original Complaint as well as drafting Plaintiff's Amended Complaint, the Disclosure Statement and Certificate of Interested Parties, Motion to Dismiss one of the deceased heirs, Motion for Default and related documents. *Id.* Ms. Gibson, the attorney who worked on this matter, possesses the skill requisite to properly perform the legal services rendered in this matter. *Id.* In light of the foregoing, and the results obtained, the fees and costs charges in this dispute are reasonable and necessary. *Id.*

## IV.   Conclusion

Plaintiff requests the Court grant Plaintiff's Motion and award its reasonable and necessary attorney's fees in the amount of $3,010.00 and costs in the amount of $2,540.09 totaling $5,550.09. Plaintiff further prays that the Court grant it such other and further relief, in law and in equity, to which it may be justly entitled.

Respectfully submitted:

*/s/ Crystal G. Gibson*
Crystal Gee Gibson
State Bar No. 2407322
Barrett Daffin Frappier Turner & Engel, LLP
4004 Belt Line, Suite 100
Addison, Texas 75001
(972) 340-7901
(972) 341-0734 (Facsimile)
CrystalR@bdfgroup.com

**COUNSEL FOR PLAINTIFF**