**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **U.S. BANK, NATIONAL ASSOCIATION** | § | |
| **AS LEGAL TITLE TRUSTEE FOR** | § | |
| **TRUMAN 2016 SC6 TITLE TRUST,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-CV-0081-G-BH** |
| | § | |
| **CANNOISE HARPER, et al.,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge**[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Plaintiff's Second Motion for Award of Attorney's Fees and Costs and Brief in Support*, filed September 23, 2021 (doc. 30).  Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I.  BACKGROUND**

This application for attorney's fees and costs arises out of a lawsuit involving real property located at 1216 Aspermont Avenue, Dallas, Texas 75216 (Property). (*See* doc. 6.)

On July 22, 2005, Maybellene Anderson (Owner) executed a Promissory Note (Note) for a home equity loan in the principal amount of $65,600.00, and a Homestead Lien Contract and Deed of Trust (Homestead Lien Contract) encumbering the Property as security for payment of the Note. (*Id.* at 5-6.)[2]  U.S. Bank National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust (Plaintiff) is the current holder of the Note. (*Id.*)  The Homestead Lien Contract states, in relevant part, as follows:

---

[1]By *Special Order No. 3-251*, this foreclosure case was automatically referred for full case management, including determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

If Lender institutes any suit or action to enforce any of the terms of this Homestead Lien Contract, Lenders shall be entitled to recover such sum as the court may adjudge reasonable as Lender's attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including Lender's reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction, appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Owner also will pay any court costs, in addition to all other sums provided by law. In the event of foreclosure of this Homestead Lien Contract, Lender shall be entitled to recover from Owner Lender's reasonable attorneys' fees and actual disbursements that Lender necessarily incurs in pursuing such foreclosure.

(doc. 6-2 at 5.)

According to the amended complaint, Owner "breached and failed to cure the respective [Note and Homestead Lien Contract] obligations by failing to make scheduled monthly payments." (*Id.* at 6.) The required notice of default was mailed to Owner but she failed to cure the default. (*Id.*)  Owner passed away on December 12, 2015; a probate proceeding was opened in 2016, but an executor has not been appointed. (*Id.* at 5-6.)   The defendants are all of Owner's known heirs. (*Id.* at 2-3.)

Plaintiff moved for entry of default and default judgment against the defendants on June 3, 2021 and July 8, 2021. (docs. 20, 21, 26, 27.)  The court entered default judgment against the defendants on June 15, 2021 and August 5, 2021. (docs. 23, 29.)  It ordered that Plaintiff be "awarded attorney's fees and costs, to be determined by subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i)." (docs. 23 at 4; 29 at 4.)

On September 23, 2021, Plaintiff filed its motion for attorney's fees and costs under Federal

Rule of Civil Procedure 54(d). (doc. 30.)

## II.  ATTORNEY'S FEES AND COSTS

Plaintiff moves for an award of the reasonable and necessary attorney's fees and costs it incurred to enforce the Note and Homestead Lien Contract and to protect its interest in the Property, according to the terms of the Note and Homestead Lien Contract. (doc. 30 at 4.)

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). State substantive law governs awards of attorneys' fees. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). Federal procedure requires that claims for attorneys' fees and related nontaxable expenses generally be made by motion filed within 14 days of the entry of judgment under Fed. R. Civ. P. 54(d)(2). *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996); *see also Evanston Ins. Co. v. Graves*, 3:13-CV-959-D, 2013 WL 4505181, *1 (N.D. Tex. Aug. 23, 2013) ("Rule 54(d) does not create a substantive right to attorney's fees. It is a procedural rule that provides that a claim for attorney's fees and related nontaxable expenses is to be made by motion."); *CSMG Technologies, Inc. v. Allison*, No. 4:07-CV-0715, 2009 WL 2242351, *3 n.20 (S.D. Tex. July 24, 2009) (noting that party seeking attorney's fees under Texas law in a diversity case must still follow federal procedural rules).  The party seeking fees has the burden to "specify the judgment and the statute, rule, or other grounds" that entitles it to the award. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii).

Texas law applies to the award of attorneys' fees in diversity cases like this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be

recovered under mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law, court determined that motions for attorneys' fees provided by mortgage contracts are permissible); *Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011) (recognizing the recovery of attorneys' fees under a deed of trust). Even though home equity loans are non-recourse as a matter of law, attorneys' fees and other expenses may be recovered against the mortgaged property after a foreclosure sale. *See Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 741-42 (S.D. Tex. 2013).

Here, the Homestead Lien Contract provides that if Plaintiff "institutes any suit or action to enforce any of the terms of this Homestead Lien Contract, [it] shall be entitled to recover such sum as the court may adjudge reasonable as [its] attorneys' fees at trial and upon any appeal," and that "all reasonable expenses [it] incurs that in [its] opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid." (doc. 6-2 at 5.) Plaintiff initiated this lawsuit to enforce the payment and collection of the Note and Homestead Lien Contract and to foreclose on the Property under the Note and Homestead Lien Contract to protect its interest in the Property. (*See* doc. 6.) Because it is permitted in the relevant loan documents, Plaintiff is entitled to its reasonable attorney's fees and costs under the Homestead Lien Contract. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016) (concluding that the mortgage creditor was entitled to recover its reasonable attorneys' fees when provided under the note and deed of trust).

"State law controls both the award of and the reasonableness of fees awarded where state law

4

supplies the rule of decision." *See Mathis*, 302 F.3d at 461.  In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors to be considered in determining reasonableness:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b)).  The fee applicant is not required to present evidence on all of the factors. *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.–Houston [14th Dist.] 2012, no pet.).  "The trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Id.*

In Texas, uncontroverted attorney testimony or an affidavit testifying to the attorney's qualifications, reasonableness of the attorney's fees, and the basis for the opinion may be sufficient to support an award of attorneys' fees. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.–Fort Worth 1997, no writ) ("Where . . . trial counsel's testimony concerning attorneys' fees is

clear, positive and direct, and uncontroverted, it is taken as true as a matter of law. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so."). "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (emphasis added).

Here, Plaintiff submits a declaration from its counsel. (*See* doc. 30-4.) It states that her billable rate is $215.00 per hour, details the time she spent on the various tasks in this matter, and opines that the fees incurred are reasonable and consistent with similar cases in Texas. (*Id.* at 2-3.) It states that "[r]easonable attorney's fees and costs through the conclusion of this mater[sic] are $6,888.00." (*Id.* at 3.) Under Texas law, Plaintiff's evidence is "legally sufficient" for an award of attorney's fees and costs. *See In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App–Tyler 2009, no pet.) ("[A]ttorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary. Thus, [the party's] attorney's affidavit sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees."). The amount of attorney's fees and costs Plaintiff seeks is reasonable as a matter of law. *See Ragsdale*, 801 S.W.2d at 882; *see, e.g., Milligan v. CitiMortgage, Inc.*, No. 6:14-CV-00594, 2015 WL 11181560, at *2 (E.D. Tex. June 3, 2015) (finding that $11,990.80 was a "reasonable and necessary [amount of] attorney fees incurred by [the defendant] in connection with its counterclaim to foreclose"). Accordingly, it should be awarded the full amount requested to be recovered against the Property

after a foreclosure sale, and not against the defendants in their personal capacities. *See Huston*, 988 F. Supp. 2d at 741.

## III.  RECOMMENDATION

Plaintiff's motion for attorney's fees and costs should be **GRANTED**, and Plaintiff should be awarded $6,888.00 in attorney's fees and costs to be recovered against the Property after a foreclosure sale, and not against the defendants in their personal capacities.

**SO RECOMMENDED** on this 30th day of June, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE